UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOMINIQUE STEWART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, a state educational institute,<br><br>Defendant. | No. 2:18-cv-00557<br><br>**AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Dominique Stewart, by and through her attorneys, FREY BUCK, P.S., alleges the following facts and causes of action against the above-named defendant as follows:

**I.   PARTIES**

1.1   Plaintiff Dominique Stewart ("Stewart") is a resident of Seattle, King County, Washington.

1.2   Defendant Washington State University, ("WSU") is, on information and belief, a state educational institution in Whitman County, Washington. It is a political subdivision of the State of Washington and does business throughout Washington State.

COMPLAINT - 1
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

## II. JURISDICTION AND VENUE

2.1     Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000 et seq., prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving Federal financial assistance. The Department of Education (Department) has interpreted Title VI as prohibiting racial harassment.[1]

2.2     Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 et seq., prohibits sexual harassment in any federally funded education program or activity.[2] Longstanding Title IX guidance holds that school personnel are to prevent harassment and to lessen the harm to students if, despite their best efforts, harassment occurs.[3]

2.3     This Court has jurisdiction under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. and Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 et seq.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under state law because those claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.4     Venue in the Western District of Washington is proper pursuant to 28 U.S.C. § 1391(c)(2), as Defendant Washington State University resides, does a substantial amount of business, and may be found in this District.  WSU is subject to the court's personal jurisdiction with respect to this action, per Rule 4, as personal jurisdiction is consistent with state law

---

[1] Department of Education Office for Civil Rights, "Racial Incidents and Harassment Against Students at Educational Institutions; Investigative Guidance," 59 Federal Register No. 47, March 10, 1994.
[2] United States Department of Justice, "Overview of Title IX of the Education Amendments of 1972," retrieved February 27, 2018 at https://www.justice.gov/crt/overview-title-ix-education-amendments-1972-20-usc-1681-et-seq.
[3] Department of Education Office for Civil Rights, "Revised Sexual Harassment Guidance: Harassment of Students by School Employees, Other Students, or Third Parties," January 2001, p. ii.  Note: the 2011 and 2014 Guidance were rescinded in 2017; this 2001 Guidance was not.

COMPLAINT - 2
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

pursuant to R.C.W. 4.12.025.

### III. FACTUAL ALLEGATIONS

3.1   Plaintiff Stewart has been a student at Washington State University ("WSU") from fall of 2014 through the present.

3.2   Plaintiff Stewart is African-American.

3.3   On February 21, 2015, a verbal assault by a member of WSU's Phi Delta Theta fraternity chapter targeted Plaintiff's race and gender. While Plaintiff was waiting for a friend in front of the fraternity house, a young white man yelled at Plaintiff, "Why are all these nigger bitches around my house?" When Plaintiff asked why he would say that, he responded, "I said, get the fuck away from me you nigger bitch," then slammed a door in her face.

3.4   Fraternity members were seen laughing on the balcony after the incident. A young woman exiting the house at the same time later reported hearing fraternity members laugh about the incident behind closed doors.

3.5   Campus-wide student rallies followed publicity of the incident. In public, some WSU students expressed outrage at Plaintiff's outrageous treatment, while others took a contrary position.

3.6   Plaintiff was vilified and threatened by WSU students and members of the public, behind the anonymity of social media.

3.7   On or about February 23, 2015, the WSU Office for Equal Opportunity ("OEO") initiated an investigation then passed the investigation to the school's Office of Student Conduct ("OSC"), through which a hearing was conducted.

3.8   The fraternity member was ousted from the fraternity and expelled by the school. Ms. Stewart was assured action would be taken against any individual who tried to retaliate.

COMPLAINT - 3
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

3.9   On March 1, 2015, Plaintiff's mother, Jameila Stewart, visited WSU and met with WSU Interim Vice President for Student Affairs and Dean of Students Melynda Huskey to address the family's concerns, including the hostile campus climate and Plaintiff's safety.

3.10   Ms. Huskey suggested the possibility of relocating Plaintiff to different housing. Ms. Huskey offered no housing contacts or arranged visitations for Plaintiff and her mother. Ms. Huskey directed the Stewarts to walk to a dorm on their own, in heels, through snow and construction.

3.11   Ms. Huskey provided the police chief's telephone number for Jameila to discuss safety planning, without WSU's participation. WSU did not contact the police chief directly as is required under Title VI/ Title IX.

3.12   Jameila Stewart asked about chaperoning to classes and other measures to address safety concerns. Ms. Huskey responded that, "nothing [could] be done".

3.13   Concerned about hostility following the rallies and the viral upstir of racism, Plaintiff's mother brought her traumatized daughter home to Seattle with her.

3.14   Days later, Jameila called Ms. Huskey to express her disappointment in the meeting. Jameila believed that WSU personnel should be helping Plaintiff obtain safe housing and facilitating a safety plan. Jameila believed WSU personnel should contact the police to address the matter.

3.15   March 5, 2015, Ms. Huskey responded to Jameila by emailing Plaintiff a "resource guide" containing general emergency contact information.

3.16   Plaintiff returned to WSU on March 9, 2015, but suffered a significant degree of stress being back on campus. Plaintiff isolated in her dorm room and fell further behind in her studies.

COMPLAINT - 4
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

3.17    March 29, 2015, brought a second alarming incident - possibly one of retaliation. While walking on Fraternity Row, Plaintiff became an unwitting target to a car of young white males.  A passenger threw a piece of chicken at Plaintiff, yelling "Nigger THOT" (a derogatory term synonymous with "slut").

3.18    Plaintiff believed that these individuals were connected to the first incident and Phi Delta Theta.  Plaintiff called campus police (as instructed by Ms. Huskey), who declined to assist and transferred her to local police.  Local police were indifferent, telling Plaintiff they were not able to physically respond, but inviting her look for a license plate number and "call back."

3.19    On April 2, 2015, Jameila made another trip from Seattle, leaving behind a busy work schedule and sick three-year-old child.

3.20    During her April 2, 2015 visit, Ms. Huskey directed Jameila to meet with a variety of WSU staff members, who, according to Ms. Huskey, were better able to help strategize around parent concerns.

3.21    Jameila learned that Ms. Huskey failed to talk with the campus police or local police in any capacity, despite prior assurances.

3.22    On April 9, 2015, OEO issued an Investigation Memo regarding the February 21st incident. The memo concluded that the Phi Delta Theta[4] fraternity member and student violated the WSU Policy prohibiting discrimination, sexual harassment, and sexual misconduct (EP 15). The memo stated OEO referred the matter to WSU OSC, who did little.

3.23    No other WSU fraternity members or students actively harassing Plaintiff through social media in the aftermath were investigated.  On information and belief, no Title VI or Title

---

[4] Multiple Phi Delta Theta chapters across the nation have been disciplined for racist, discriminatory conduct.

COMPLAINT - 5
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

IX investigations were conducted.

3.24 At the end of April 2015, Ms. Stewart and her friends were invited to a "conversation" about racism with WSU President Elson Floyd and Director of Diversity Education Jeff Guillory. The "conversation" was instead a victim-shaming, racially-divisive lecture, in which President Floyd informed the young women that they did not "belong" at a "white" fraternity and indicating that they should have known better.

3.25 President Floyd alternated from victim-blaming to minimizing the serious nature of the incident, then abdicating WSU of any responsibility, saying, "In my first year, I tried to get the jurisdiction changed so that the WSU police department could monitor (fraternity row). Well, the reason I wanted to do that is because my fear is that what happened, Dominique, to you and what will happen to others. And as President, I don't have any control over it. And that's exactly what's happened. Now, it's not as bad as a situation, that occurred in the sense of, you know, someone beating you up or someone hurting you, and I'm thankful that didn't happen. Or for someone to have sexually attacked you; something like that, and I'm glad that that didn't happen."

3.26 At the end of the lecture, President Floyd and Directory Guillory gave the victims of harassment commemorative coins, and informed them the university was building a "cool" new student center containing an "African-American section" where they could "belong."

3.27 Isolated from her family and without meaningful intervention by the university, Ms. Stewart remained isolated from friends in her dorm room; gained a significant amount of weight; fell behind in classes; and suffered from debilitating PTSD, anxiety and depression.

3.28 The University did not provide reasonable action or assistance as required by Title VI and Title IX.

COMPLAINT - 6
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

3.29    Upon information and belief, WSU does not post accurate statistics of complaints made by its students of racial and sexual harassment as required by the Clery Act. The university has failed to make students safe, has failed to properly investigate assaults and incidents of harassment, and has not assisted with the emotional trauma suffered by the victims.

## IV. FIRST CAUSE OF ACTION: VIOLATION OF TITLE VI

4.1    WSU is a hostile environment.  Before, during, and after the two racially- and gender-biased incidents, WSU looked the other way while campus hostility festered.  The ensuing protests and vicious social media posts brought campus-wide hostility to the surface, to the surprise of few of the students.

4.2    WSU received notice of the problem.  Campus publications, protests, and two visits by Plaintiff's mother were just the tip of an iceberg that dates back generations.  According to President Floyd and Director Guillory, referencing decades of racial and gender-based hostility, Pullman "is not Seattle," and young African-American women have no business at a "white" fraternity.

4.3    WSU failed to respond adequately to redress the hostile environment.  WSU has a duty to minimize harm when harassment occurs, not merely expel one student.  WSU took no proactive steps to restore Plaintiff's sense of personal safety, depriving Ms. Stewart of the educational benefits and opportunities of the school.

4.4    WSU's lack of adequate response indicates deliberate indifference.  WSU's response (or lack thereof) to both incidents of harassment is clearly unreasonable in light of the known circumstances.  Defendant mishandled the investigation and failed to assist Plaintiff with attendant mental health issues following the assaults in violation of Title VI and IX.  According to President Floyd and Director Guillory, "nothing" could be done.

COMPLAINT - 7
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

4.5	WSU is in violation of Title VI.

## V. SECOND CAUSE OF ACTION: VIOLATION OF TITLE IX

5.1	Plaintiff restates all elements from the preceding sections as if in full.

5.2	Defendant WSU is a hostile environment; its administration received notice of the problem; yet it failed to adequately respond to redress the hostile environment.

5.3	Defendant's lack of adequate response indicates deliberate indifference.

5.4	Defendant is in violation of Title IX.

## VI. THIRD CAUSE OF ACTION: VIOLATION OF THE CLERY ACT

6.1	Defendant violated the Clery Act by not reporting this or other crimes, not investigating, and not protecting Plaintiff and others.

## VII. FOURTH CAUSE OF ACTION: OUTRAGE

7.1	Defendant's victim-blaming and failure to support are extreme and outrageous. WSU communicated that the monstrous conduct of students involved in the incidents and their aftermath on campus and social media is to be expected, and that the victims incited the conduct by being where they did not "belong."

7.2	WSU intentionally or recklessly inflicted emotional distress.  WSU's position that the attacks were to be expected and that the university was powerless to address them compounded Plaintiff's distress.

7.3	Plaintiff has been diagnosed with PTSD, anxiety, depression, and the attendant weight gain unfortunately common to those afflictions.

7.4	As a direct and proximate result of Defendant WSU's outrageous conduct, Plaintiff suffered severe physical and emotional distress and is entitled to special and general damages.

COMPLAINT - 8
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

## VIII.   FIFTH CAUSE OF ACTION: NEGLIGENCE

8.1   Defendant WSU has a duty to provide a safe educational environment for all of its students.  As a recipient of federal funding, WSU also has a duty to lessen the harm when harassment occurs.

8.2   Defendant has breached its duty through indifference to its overtly and covertly hostile environment.

8.3   Defendant's lack of care for Ms. Stewart caused severe physical and emotional distress.

8.4   Ms. Stewart now struggles with PTSD, anxiety, depression, social isolation, lack of confidence, and weight gain stemming directly from WSU's implicit endorsement of the attacks.

## IX.   DAMAGES

As a direct and proximate result of WSU's conduct, Plaintiff has suffered severe and permanent harm, entitling Plaintiff to recover special and general damages.

## X.   PRAYER FOR RELIEF

UPON THESE ALLEGATIONS, Plaintiff Stewart prays for the following relief and demands judgment against Defendant for damages as follows:

1. Plaintiff's special damages, in an amount to be proven at trial, including all prejudgment interest thereon at the highest rate allowed by law;
2. Plaintiff's general damages, in an amount to be proven at trial;
3. Statutory attorney's fees under RCW 9.68A.130;
4. Should Defendant bring any frivolous or unfounded defenses, for attorney's fees and costs pursuant to RCW 4.84.185; and

COMPLAINT - 9
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660

5.  Such other and further relied as the Court deems just and equitable under the law and circumstances.

DATED this 18th day of April, 2018.

**FREY BUCK, P.S.**

By: /s/ Anne M. Bremner
Anne M. Bremner, WSBA #13269
*Attorney for Plaintiff*

COMPLAINT - 10
{00264122;1}

FREY BUCK, P.S.
1200 FIFTH AVENUE, SUITE 1900
SEATTLE, WA 98101
P: (206) 486-8000 F: (206) 902-9660