UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMINIQUE STEWART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, a state educational institute,<br><br>Defendant. | Case No. C18-557-RSM<br><br>ORDER DENYING MOTION FOR STAY PENDING APPEAL |

This matter comes before the Court on Plaintiff Dominique Stewart's Motion to Stay Enforcement of Cost Bill Pending Appeal. Dkt. #62. The Court has determined that it can rule on this Motion without responsive briefing.

On April 23, 2019, the Court granted in part and denied in part Defendant's Bill of Costs. Dkt. #61. The total costs taxed against Ms. Stewart is $1,827.16. *Id*. Ms. Stewart's appeal of the Court's dismissal of her claims is currently pending. Dkt. #57. Ms. Stewart now moves to stay enforcement of the above costs. Her counsel attests, via declaration, that Ms. Stewart is currently employed by Yelp in New York and "able to pay the amount ordered by the Court (Dkt. 61) and will likely remain solvent to do so throughout the appeal." Dkt. #62-1 ("Bremner Decl.") at ¶ 3. Ms. Stewart provides no other facts for the Court to consider.

ORDER DENYING MOTION FOR STAY PENDING APPEAL - 1

The instant Motion argues that "the status quo of the case should remain while the appeal is decided." Dkt. #62 at 3 (citing cases deferring motions for attorney's fees until after appeal). The Motion asserts that "[e]nforcement of the costs bill may result in the Court having to unravel its imposition should its decision be overturned." Dkt. #62 at 3. Although the briefing speaks at length about whether Ms. Stewart should have to post a bond if this Motion is granted, there is no other discussion or argument justifying the granting of a stay.

A stay pending appeal is not a matter of right, but rather "an exercise of judicial discretion" that depends upon "the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009). The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)); *see also Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, Case No. 11cv1057, 2013 U.S. Dist. LEXIS 65118, 2013 WL 1899928 (S.D. Cal. May 7, 2013) (applying this standard to a motion to stay enforcement of a bill of costs pending appeal).

Ms. Stewart provides practically no explanation or argument for deviating from the presumption that the cost bill should be enforced in this matter. It is not enough to argue that the status quo should be preserved, or that any money that exchanges hands now will have to be handed back after a successful appeal. Such arguments could be made in every case.

Although the important question of likelihood of success on appeal is left unaddressed by the briefing, the Court is also interested in the impact to Ms. Stewart of enforcing this bill of

ORDER DENYING MOTION FOR STAY PENDING APPEAL - 2

costs now rather than down the road. The reasons this Motion was filed are unclear. Considering the typical expense of federal litigation, this is a very small amount of money to hold up on appeal. The Court has not heard from Ms. Stewart herself as to why this Motion was filed or how this roughly $1800 bill would affect her. The Court agrees that Ms. Stewart can afford to pay this bill now and assumes—without hearing anything to the contrary from her attorney—that she can pay this bill without significant inconvenience. Given all of the above, the Court finds that Ms. Stewart has failed to meet her burden on this Motion.

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Dominique Stewart's Motion to Stay Enforcement of Cost Bill Pending Appeal, Dkt. #62, is DENIED.

DATED this 13 day of May, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE